FILED
02 JAN 31 PM 1:23
U.S. D...
N.D. OF A...

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

PHYLLIS DANIELS,                }
                                }
    Plaintiff,                  }
                                }    CIVIL ACTION NO.
v.                              }
                                }    01-AR-2912-S
MARSHALL COUNTY, ALABAMA, et    }
al.,                            }
                                }
    Defendants.

ENTERED
JAN 31 2002

## MEMORANDUM OPINION

The court has before it for consideration two motions for partial dismissal, one by defendant, Marshall County, Alabama, and the other by defendant, Billy Cannon, insofar as plaintiff may be intending to sue him in his official capacity as a county commissioner. The court is considering the motion filed by Marshall County on January 30, 2002, as addressed to plaintiff's amended complaint.

Insofar as plaintiff seeks punitive damages against Marshall County, whether pursuant to Title VII or under any state law theory, her claim is foreclosed. Marshall County is immune from claims for punitive damages.

Insofar as plaintiff purports to bring state law claims against Marshall County seeking compensatory damages, plaintiff is foreclosed by the fact that she did not file a claim with Marshall County pursuant to Ala. Code §§6-5-20 and 11-12-8 before her suit



was filed. Plaintiff has attempted to remedy this defect by filing a notice of claim on January 9, 2002, but Marshall County has not waived the defense, and a notice of claim is an absolute precondition to suit. Marshall County's motion as to the state claims will be granted without prejudice to plaintiff's right to file her said claims in the state court which has jurisdiction. Downstream problems with the doctrine of *res judicata* are not for this court to worry about.

Insofar as defendant, Billy Cannon, may be being sued in his official capacity as a county commissioner, he enjoys the same immunities that Marshall County enjoys, a fact conceded by plaintiff, and his motion will accordingly be granted.

DONE this 31st day of ~~January,~~ 2002.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE